**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 10 2002**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

## UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

---

HOLLI LUNDAHL,

        Plaintiff - Appellant,

and

M.R. CHRISTONSON and
CHRISTIAN LUNDAHL,

        Plaintiffs,

        v.

MARKUS B. ZIMMER, United States
District Court Clerk, Central District
of Utah, and LOUISE YORK, United
States District Court Chief Deputy
Clerk, Central District of Utah,

        Defendants - Appellees.

Nos. 01-4105 and 01-4139

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. No. 2:00-CV-477-B)**

---

Submitted on the briefs:

Holli Lundahl, pro se.

Paul M. Warner, United States Attorney, and Jill N. Parrish, Assistant United
States Attorney, Salt Lake City, Utah, for Defendants-Appellees.

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

**HENRY** , Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2).  The case is, therefore, ordered submitted without oral argument.

Holli Lundahl, proceeding pro se, appeals (1) the district court's dismissal of her civil action brought against defendants Markus B. Zimmer and Louise York (appeal number 01-4105) and (2) the district court's subsequent denial of her motions, filed pursuant to Fed. R. Civ. P. 59(e) and 60(b), to alter, amend, or vacate that judgment (appeal number 01-4139).  Because the district court properly dismissed Ms. Lundahl's action on mootness and absolute immunity grounds, we affirm.

## I. BACKGROUND

In March of 1998, Ms. Lundahl filed suit – under her maiden name, Holli Telford – in a case captioned     Telford v. Kunze  , No. 2:98-CV-176-B (D. Utah).  On September 15, 2000, Ms. Lundahl sought to have Mr. Zimmer and/or Ms.

York, the Clerk and Chief Deputy Clerk, respectively, of the United States District Court for the District of Utah, enter a default judgment against certain defendants named in the _Telford_ case. Mr. Zimmer and Ms. York, however, each declined to enter such judgments; instead, Mr. Zimmer and Ms. York referred Ms. Lundahl's request directly to the district court judge presiding over the _Telford_ case.

Ms. Lundahl, seeking to compel Mr. Zimmer and/or Ms. York to enter the requested judgments, filed this lawsuit pursuant to _Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics_, 403 U.S. 388 (1971). Ms. Lundahl's suit seeks injunctive relief (an order compelling Mr. Zimmer and/or Ms. York to enter the requested default judgments) and money damages (compensatory and punitive, based upon the failure of Mr. Zimmer and Ms. York to file the requested judgments in a timely manner).

The district court dismissed Ms. Lundahl's lawsuit; the court noted three grounds for the dismissal: (1) mootness, given the _Telford_ court's subsequent dismissal of that case for lack of subject matter jurisdiction; (2) absolute immunity, given that court clerks "are absolutely immune from suit in the performance of their duties, including entry of default judgment pursuant to FRCP 55(a)"; and (3) qualified immunity, given that Ms. Lundahl "failed to make a threshold showing of constitutional or statutory deprivation." Rec. doc. 38, at 1-2

(Supplemental Order, filed Mar. 3, 2001). Ms. Lundahl filed a timely appeal (appeal number 01-4105).

Besides appealing the district court's dismissal of her case, Ms. Lundahl also filed, in the district court, motions pursuant to Fed. R. Civ. P. 59(e) and 60(b), respectively. In these motions, Ms. Lundahl sought to re-open her case, introduce new testimony, and otherwise obtain a new judgment. The district court denied both motions; Ms. Lundahl timely appealed these denials (appeal number 01-4139). We consolidated appeals number 01-4105 and 01-4139.

## II. DISCUSSION

### A.    The District Court's Dismissal of Ms. Lundahl's Case

Ms. Lundahl first argues that the district court erred in dismissing the case. While the relevant district court opinions are not entirely explicit on the matter, we – noting that the district court looked outside the pleadings in dismissing Ms. Lundahl's action (e.g., considered the judgment entered in the Telford case) – construe the dismissal as a grant of summary judgment in favor of Mr. Zimmer and Ms. York. "We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." Old Republic Ins. Co. v. Durango Air Serv., Inc., 283 F.3d 1222, 1225 (10th Cir. 2002). We

consider, in turn, Ms. Lundahl's requests for injunctive relief and money damages.

### 1.    Injunctive Relief

As to Ms. Lundahl's claim for injunctive relief, we agree with the district court that the Telford court's dismissal of that case for lack of subject matter jurisdiction rendered moot Ms. Lundahl's request for injunctive relief in this case. As the district court noted, between the time Ms. Lundahl filed her First Amended Complaint and the time the district court dismissed her suit, the Telford court dismissed the Telford case for lack of subject matter jurisdiction. The dismissal of the Telford case left Mr. Zimmer and Ms. York without any authority to enter a default judgment in that case; this lack of authority necessarily rendered moot Ms. Lundahl's request for an order requiring the entry of such a default judgment.

### 2.    Money Damages

As to Ms. Lundahl's claim for money damages, we agree with the district court that Mr. Zimmer and Ms. York enjoy absolute immunity from such relief with regard to their respective failures to enter a default judgment pursuant to Fed. R. Civ. P. 55. Except where a judge has acted "in the clear absence of all jurisdiction," the doctrine of judicial immunity shields that judge from liability for the judge's official adjudicative acts. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he

-5-

will be subject to liability only when he has acted in the clear absence of all jurisdiction.") (internal quotation marks omitted). This doctrine is grounded in "a general principle of the highest importance to the proper administration of justice[: i.e.,] that a judicial officer, in exercising the authority vested in him, should be free to act upon his own convictions, without apprehension of personal consequences to himself." Id. at 355 (internal quotation marks omitted).

The doctrine of judicial immunity applies not only to judges but also to any judicial officer who acts to either "[1] resolv[e] disputes between parties or . . . [2] authoritatively adjudicat[e] private rights." Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435-36 (1993). "[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts . . . is involved. . . . [A]bsolute judicial immunity has been extended to non-judicial officers where their duties had an integral relationship with the judicial process." Whitesel v. Sengenberger, 222 F.3d 861, 867 (10th Cir. 2000) (internal quotation marks omitted).

Court clerks, entrusted with the entry of default judgments pursuant to Fed. R. Civ. P. 55, fall within that category of judicial officers who, through the performance of "judicial acts," "authoritatively adjudicate private rights." Whitesel, 222 F.3d at 867; Antoine, 508 U.S. at 435-36. The entry of a default judgment unquestionably constitutes a judicial act; indeed, little could be thought

-6-

a more quintessential judicial act than the entry of a legal judgment.     See, 10A

CHARLES ALAN WRIGHT, ET AL, FEDERAL PRACTICE AND PROCEDURE § 2683, at 27

(3d ed. 1998) ("'[T]he clerk, in entering judgment, is acting in place of the

judge.'") (quoting United States v. Herlong, 9 F.R.D. 194, 196 (W.D.S.C. 1949)).

Just as clearly, the entry of a default   judgment adjudicates private rights.     See,

e.g., Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990) ("The

default [judgment] conclusively establishes the liability of [the party against

whom the judgment was entered]."); Buchanan v. Bowman, 820 F.2d 359, 361

(11th Cir. 1987) ("The effect of a default judgment is that the defendant admits

the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the

judgment, and is barred from contesting on appeal the facts thus established.")

(internal quotation marks omitted).     Because, then, Mr. Zimmer and Ms. York

enjoy absolute immunity as to their decision to refer Ms. Lundahl's applications

for entry of default judgment to the judge presiding over the relevant case, the

district court correctly dismissed Ms. Lundahl's lawsuit in so far as that suit

sought money damages.


**B.     The District Court's Denial of Ms. Lundahl's Motions Filed Pursuant
         to Fed. R. Civ. P. 59(e) and 60(b)**

We review the denial of Fed. R. Civ. P. 59(e) and 60(b) motions for an

abuse of discretion.   See Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir.

-7-

1997) ("We review a district court's ruling on a Fed. R. Civ. P. 59(e) motion under an abuse of discretion standard."); Weitz v. Lovelace Health Sys., Inc., 214 F.3d 1175, 1181 (10th Cir. 2000) ("We review the disposition of Rule 60(b) motions for an abuse of discretion.") (internal quotation marks and alterations omitted).

We are likewise unpersuaded that the district court erred in failing to grant Ms. Lundahl's Fed. R. Civ. P. 59(e) and 60(b) motions. Rule 59(e) permits a district court, upon motion of a party, to "alter or amend" the court's judgment; Rule 60(b) permits a district court to "relieve a party . . . from a final judgment." Here, because the district court correctly concluded that (1) Ms. Lundahl's claim for injunctive relief is moot and that (2) Mr. Zimmer and Ms. York are absolutely immune from Ms. Lundahl's claim for monetary damages, the district court necessarily did not abuse the court's discretion in declining to alter, amend, or vacate the judgment in favor of Mr. Zimmer and Ms. York.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal of Ms. Lundahl's lawsuit (appeal number 01-4105) and AFFIRM the district court's denial of Ms. Lundahl's Fed. R. Civ. P. 59(e) and 60(b) motions (appeal number 01-4139). We DENY Ms. Lundahl's outstanding motion, her motion "to reinstate

-8-

for good cause [a] petition for writ of mandamus assigned Tenth Circuit appeal number 01-4197 and to consolidate th[is] writ proceeding[] with pending appeal case numbers 01-4105 and 4139." We originally dismissed the referenced writ petition – a petition that, in any case, appears to have involved facts entirely distinct from those decided in this case – based upon Ms. Lundahl's failure to pay the appropriate filing fee; Ms. Lundahl now asserts that she indeed paid the relevant fee. Ms. Lundahl, however, provides no evidence of such payment (e.g., a cancelled check or the results of a money order trace). We are, then, not persuaded that we erred in dismissing the referenced writ petition and thus decline to reinstate that petition.