**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 17 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RONALD GUIDEN,

      Plaintiff-Appellant,

v.

MARTHA MORROW, Clerk,

      Defendant-Appellee.

No. 03-3282
(D. Kansas)
(D.Ct. No. 03-CV-3152-GTV)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Ronald Guiden, appearing pro se, appeals the district court's dismissal of

his § 1983 complaint against Martha Morrow, a state district court clerk, based on

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

her immunity from suit.[1]  We exercise jurisdiction under 28 U.S.C. § 1291.  The appeal is frivolous and we dismiss it under 28 U.S.C. § 1915(e)(2)(B)(i).

Background

As alleged in his complaint, Guiden, an inmate at the El Dorado Correctional Facility in El Dorado, Kansas, mailed a petition and an inmate account statement to Martha Morrow, the Clerk of the District Court of Butler County, Kansas, for filing. Morrow did not immediately file these papers but instead referred them to a district judge for review.  After the judge's review, Morrow sent Guiden a letter informing him that a district judge had determined his papers could not be filed because they failed to specifically name individual defendants.  She returned his papers with her letter.  Guiden then filed a notice of appeal, which Morrow refused to file, as there was no case from which to appeal.

Thereafter, Guiden filed suit against Morrow in the United States District Court for the District of Kansas, pursuant to 42 U.S.C. § 1983.[2]  He alleged Morrow's failure to file his papers deprived him of his right of access to the courts and violated his due process and equal protection rights.  He sought damages totaling $300,000 and "such other and further relief as is just."  (R., Doc. 1, Complaint at 5.)

The district court screened Guiden's complaint as required by 28 U.S.C. §

---

[1]  We construe pro se pleadings liberally.  *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[2] He also filed a motion to proceed *in forma pauperis*, which was granted.

-2-

1915A(a) and (b).[3]  Concluding that Morrow was entitled to immunity, the district

court dismissed the complaint under § 1915(e)(2)(B)(iii).[4]  This appeal followed.[5]

## Discussion

On appeal, Guiden challenges the dismissal of his complaint, alleging the

district court erred in finding Morrow was entitled to immunity.  He also asserts it

was Morrow's duty under Kansas law to file his pleadings before turning them over to

the district judge for review.[6]

---

[3] 28 U.S. C. § 1915A(a) and (b) states:

(a) Screening.--The court shall review, before docketing, if feasible
or, in any event, as soon as practicable after docketing, a complaint
in a civil action in which a prisoner seeks redress from a
governmental entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.--On review, the court shall identify
cognizable claims or dismiss the complaint, or any portion of the
complaint, if the complaint--(1) is frivolous, malicious, or fails to
state a claim upon which relief may be granted; or (2) seeks monetary
relief from a defendant who is immune from such relief.

[4] 28 U.S.C. § 1915(e)(2)(B) provides:

Notwithstanding any filing fee, or any portion thereof, that may have
been paid, the court shall dismiss the case at any time if the court
determines that-- . . . the action or appeal--(i) is frivolous or
malicious;(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from
such relief.

[5] The district court granted Guiden's motion to proceed on appeal without
prepayment of the filing fee.

[6] In dismissing Guiden's complaint, the district court stated "[b]ecause
[Morrow] is the only defendant named in the complaint, and because [Guiden's]

-3-

We review de novo a district court's immunity determinations. *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994), *cert. denied,* 513 U.S. 1183 (1995). "Except where a judge has acted 'in the clear absence of all jurisdiction,' the doctrine of judicial immunity shields that judge from liability for the judge's official adjudicative acts." *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)), *cert. denied,* 123 S. Ct. 1797 (2003). This immunity applies not only to judges but also to any person who performs judicial acts or activity as an official aide of the judge. *Henriksen v. Bentley*, 644 F.2d 852, 855 (10th Cir. 1981). *See also Lundahl*, 296 F.3d at 939-40 (finding court clerks entitled to absolute immunity as to their decision to refer plaintiff's applications for entry of default judgment to the judge presiding over the case). Here, in not filing Guiden's papers, Morrow was acting pursuant to the specific instructions of a state court judge. Accordingly, Morrow is entitled to immunity, and the district court did not err in dismissing this lawsuit pursuant to

claim for damages against [Morrow] is barred by [her] immunity, the court concludes the complaint should be dismissed." (R., Doc. 6, District Court Order at 2.) Based on this language, Guiden argues the district court erred in dismissing his case because Morrow is the only defendant named in the complaint. He alleges Morrow was the only named defendant because the name of the state district court judge who directed Morrow to return his pleadings unfiled is unknown. Guiden's argument is made on the mistaken belief that the court dismissed this case because Morrow was the only named defendant. Dismissal was based on immunity, not on Guiden's failure to name other defendants. Nevertheless, dismissal would have been proper even if Guiden had named the state court judge, because such judge would also have been entitled to immunity.

§ 1915(e)(2)(B)(iii).

Attempting to avoid dismissal, Guiden argues he was seeking more than monetary relief against Morrow. He states he also sought "such other and further relief as is just, including an injunction or mandamus, etc." Although Morrow would not be entitled to immunity in a suit seeking injunctive relief, *Lundahl*, 296 F.3d at 938-40, the question is whether Guiden's complaint gave "any indication" that he might be entitled to injunctive relief for Morrow's alleged failure to file his state court papers. *Calderon v. Kansas Dep't of Social & Rehabilitation Servs.*, 181 F.3d 1180, 1183 (10th Cir. 1999). In his appellate papers, Guiden has taken liberties with the facts. His "request for relief" in his complaint specifically sought "[j]udgment against defendant in the sum of [$300,000] and costs, and such other and further relief as is just." His request made no mention of equitable relief. *Cf. Frazier v. Simmons*, 254 F.3d 1247, 1251, 1255 (10th Cir. 2001) (finding injunctive relief requested where complaint sought money damages and "such other relief as the Court deems just and *equitable*" and where pretrial order listed "the nature and extent of any equitable relief" as an issue of law) (emphasis added). Faithful to our duty to construe pro se prisoner complaints liberally, we have carefully reviewed Guiden's complaint. *Reynoldson v. Shillinger*, 907 F.2d 124, 125 (10th Cir. 1990). Nowhere did he suggest that he sought an order requiring Morrow to file his papers in state court. In fact, in the statement of facts attached to the complaint, he merely asserted

he "was injured and damaged in an amount of [$300,000]." Despite Guiden's pro se status, the district court was not required to assume the role of advocate and construct arguments or legal theories for him. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Consequently, we find that Guiden's complaint sought only monetary relief.

The statutes Guiden cites in support of his argument that Morrow had a duty to file his pleadings before turning them over for the judge's review, Kan. Stat. Ann. §§ 60-205(e)[7] and 60-2001(b),[8] are directives to the parties concerning the filing of pleadings. They impose no duty upon court clerks.

---

[7] Guiden asserts Kan. Stat. Ann. § 60-205(e) creates a liberty interest protected by the Fourteenth Amendment. This statute provides in relevant part:

> (e) *Filing with the court defined*. The filing of pleadings and other papers with the court . . . shall be made by filing them with the clerk of the court. In accordance with K.S.A. 60-271 and amendments thereto and supreme court rules, pleadings and other papers may be filed by telefacsimile communication. The judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk.

Kan. Stat. Ann. § 60-205(e). Although "state statutes may create liberty interests that are entitled to the procedural protections of the Due Process Clause of the Fourteenth Amendment," Kan. Stat. Ann. § 60-205(e) is not one of them. *Vitek v. Jones*, 445 U.S. 480, 488 (1980). This statute is Kansas's equivalent to Federal Rule of Civil Procedure 5. Plainly, it was not meant to create any rights enforceable by an inmate against a court clerk. *See Sandin v. Conner*, 515 U.S. 472 (1995).

[8] Kan. Stat. Ann. § 60-2001(b) provides in pertinent part: "(b) *Poverty affidavit in lieu of docket fee*. . . . In any case where a plaintiff by reason of poverty is unable to pay a docket fee, and an affidavit so stating is filed, no fee will be required."

Conclusion

The district court was correct in dismissing Guiden's complaint pursuant to 28

U.S.C. § 1915(e)(2)(B)(iii). We adopt the reasoning of the district court and

**DISMISS** this appeal as frivolous. The dismissal of this appeal counts as one strike

under 28 U.S.C. § 1915(g).[9] Guiden also accumulated a strike as a result of the

district court's dismissal.[10] Therefore, Guiden has accumulated a total of two strikes

in this matter. Guiden is reminded to continue making partial payments of his

appellate filing fee until the entire balance is paid.

**Entered by the Court:**

**TERRENCE L. O'BRIEN**
United States Circuit Judge

---

[9] 28 U.S. C. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under this section if the prisoner has,
> on 3 or more prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United States
> that was dismissed on the grounds that it is frivolous, malicious, or
> fails to state a claim upon which relief may be granted, unless the
> prisoner is under imminent danger of serious physical injury.

[10] Were this case not pretermitted on immunity grounds, as required by 28
U.S.C. § 1915(e)(2)(B)(iii), it could not have survived a Rule 12(b)(6) motion
based upon those same immunity grounds and would have been dismissed for
failure to state a claim. *See Long v. Satz,* 181 F.3d 1275, 1279 (11th Cir. 1999)
(absolute immunity defense may be raised in Rule 12(b)(6) motion if the
allegations of the complaint disclose activities protected by absolute immunity);
*Workman v. Jordan*, 958 F.2d 332, 334 n.2 (10th Cir. 1992) (defendant may raise
qualified immunity defense in Rule 12(b)(6) motion but in deciding such motion,
the court is limited to the pleadings).