[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 21, 2005
THOMAS K. KAHN
CLERK

No. 05-10134
Non-Argument Calendar

_____

D. C. Docket No. 04-22078-CV-WMH

OZA B. JENKINS,
MARCUS D. JENKINS, et al,

Plaintiff-Appellants,

versus

CLERK OF COURT, U.S. District Court,
Southern District of Florida

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 21, 2005)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellants Oza B. Jenkins, Marcus D. Jenkins, and Shayla L. Jenkins appeal the district court's *sua sponte* dismissal of their civil complaint against the Clerk of Court for the United States District Court for the Southern District of Florida (Clerk) as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). We affirm.

Appellants assert the district court erred in dismissing their complaint against the Florida Board of Education (FBOE case) as frivolous because the Clerk's failure to enter a default judgment under Federal Rule of Civil Procedure 55 violated their due process and equal protection rights.[1] The FBOE case was dismissed with prejudice by the district court, and upon appeal, this Court dismissed for lack of jurisdiction.

We review a district court's *sua sponte* dismissal of a claim as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of discretion. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). "A claim is frivolous if it is without arguable merit either in law or fact." *Id.*

Appellants based their complaint on a violation of 42 U.S.C. § 1983 and alleged the Clerk is an entity acting as an agent of the state. The Clerk, however, is the clerk in a federal court and is a federal employee, not a state employee. The

[1] Appellants also assert an equal protection claim on appeal; however, we will not consider the claim because it was not argued before the district court. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

2

proper basis for their cause of action is under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 91 S. Ct. 1999, 2004–05 (1971). *Bivens* provides a cause of action for monetary damages against federal officials in their individual capacities for a violation of a federal constitutional right. *Id.*

Appellants also assert a due process claim. The Due Process Clause of the Fourteenth Amendment provides constitutional protection for both substantive due process and procedural due process. *McKinney v. Pate*, 20 F.3d 1550, 1555 (11th Cir. 1994). The clerk of the court will enter a judgment by default when it is for a certain or ascertainable sum upon request by the plaintiff and upon an affidavit of the amount due. For all other cases, the party entitled to judgment must apply to the district court judge. Fed. R. Civ. P. 55(b). A default judgment may only be entered without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).[2]

The district court did not abuse its discretion in dismissing Appellants' complaint as frivolous. Appellants had no right to entry of default judgment by the Clerk. Appellants' claim of failure to follow Rule 55 and any violation of

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

constitutional rights is without any merit in law or fact. In the FBOE case, Appellants sought punitive damages of $496 million.[3] Punitive damages are not a certain or ascertainable sum, and cannot be entered without a hearing. *See id.* Therefore, the clerk did not have the authority to enter a default judgment. The district court did not err in denying Appellants' motion for default judgment and dismissing the case. Appellants appealed that judgment and should have sought any relief for issues from the FBOE case within the appeal and not in new litigation.

Even assuming *arguendo* the Clerk violated Rule 55, the clerk had absolute immunity for this action. Judges have absolute immunity from civil actions for the performance of judicial acts as long as they are not done in the clear absence of jurisdiction. *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994). Nonjudicial officials have absolute immunity for their duties that are integrally related to the judicial process. *Id.* Absolute quasi-judicial immunity for nonjudicial officials is determined by a functional analysis of their actions in relation to the judicial process. *Id.*

The decision to enter a default judgment or not is the most judicial of actions the clerk could make. The Tenth Circuit has held a clerk's act was a

---

[3] The record lacks any affidavit to this amount, and Appellants made no effort in the lower court or on appeal to explain this amount.

judicial function in identical circumstances. *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002) (holding "[t]he entry of a default judgment [by a clerk] unquestionably constitutes a judicial act"). The Clerk essentially performed the same action as a judge when the judge decides to enter or not enter a default judgment. Therefore, the Clerk has absolute immunity for entering or not entering a default judgment.

**AFFIRMED.**