FILED
**United States Court of Appeals**
**Tenth Circuit**

**August 20, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LON PERRY EDGE,

      Plaintiff-Appellant,

      v.

JUDGE DONALD ED PAYNE,
deceased; ESTATE OF DONALD ED
PAYNE; JUDGE GARY BROCK;
JIMMY WALKER, Clerk, Choctaw
County; RONALD LOWRIMORE,
Court Reporter, Choctaw County;
JANE LAMPTON, Court Secretary,
Choctaw County; VIRGINIA
SANDERS, District Attorney for
McCurtain County; JOHN BOUND,
First Assistant District Attorney for
McCurtain County; JOE WATKINS,
Assistant District Attorney for
Choctaw County; JAMES WOLFE,
Assistant District Attorney for
Pushmataha County; LEWIS
COLLINS, Sheriff for Choctaw
County; TERRY PARK, Undersheriff
for Choctaw County; BILL BOOKER,
Deputy for Choctaw County; LARRY
HENDRIX, Deputy for Choctaw
County; DUSTY SPALDING, Deputy
for Choctaw County; DARRELL
WOFFORD, Deputy for Choctaw
County; WYATT WILLIAMS, Deputy
for Choctaw County; BEN MILNER,
Deputy for Choctaw County; JOHN
ALLEN MITCHELL, Sheriff Office,
Drug Task Force; RITA KAY
DUNCAN, Commissioned Sheriff
Deputy, Choctaw County; CURTIS
COLLINS, A.T.F. Agent; CARLOS
SANDOVAL, A.T.F. Agent;

No. 08-7122

Eastern District of Oklahoma

(D.C. No. CIV-07-188-RAW)

VICKI EDGE-DIXON; CHARLIE
LUCAS; JEFF LYLES; ONE DOE,
Highway Patrol, Oklahoma; and DOES
1 thru 25 in their official and
individual capacities,

        Defendants-Appellees.

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **MURPHY** and **McCONNELL**, Circuit Judges.

Lon Edge, a prisoner proceeding pro se, seeks to overturn the district court's dismissal of his 42 U.S.C. § 1983 action alleging violations of various constitutional rights by judicial and law enforcement officials and private citizens. The district court dismissed the claims against judicial officers and law enforcement agents on immunity grounds. The court then dismissed all remaining charges against the other defendants for failing to state a claim. We affirm the district court's dismissal of Mr. Edge's remaining conspiracy claims, but remand for consideration of his Fourth Amendment claim.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

The complaint presents a meandering and confusing account of alleged conspiracies and misdeeds, which we will try to unpack. After what seems to have been a particularly contentious divorce proceeding, Mr. Edge was left bitter about the allocation of marital assets. He now claims that the judge in the divorce case acted improperly and violated various constitutional rights, and that the court reporter doctored the transcripts, also violating his constitutional rights.

At some point, Mr. Edge and his ex-wife both took out temporary protective orders against each other. Mr. Edge contends that Special Agent Curtis Collins and Mr. Edge's ex-wife, Ms. Edge-Dixon, had a relationship and that they drove around together in search of him, in violation of the protective order. He claims that the duo launched a conspiracy to take away Mr. Edge's liberty and property drawing in prosecutors, police, and judges. He further alleges that his ex-wife and her son shot at him after he had filed a protective order and that the police did not investigate or prosecute. Because he was arrested for and convicted of possession of a firearm while under a protective order while she was not, Mr. Edge contends that the police and prosecutors involved in the matter violated his right to equal protection under the law.

In addition to his conspiracy claim, Mr. Edge's complaint set forth a separate Fourth Amendment claim, which appears in Paragraph 81 of the amended complaint. This paragraph alleges that among other things "Plaintiff's

residence[,] curtilege[,] and outbuildings were searched without a warrant for approximately 6 hours." R. Vol. 1 at 101. He elaborates that the officers sought and were denied a search warrant (two times) and agreed to conspire to search his residence through "illegal tactics such as threats all in violation of the Forth [sic] Amendment to the United States Constitution." R. Vol. 1 at 99. In an earlier iteration of the complaint, Mr. Edge acknowledged that his girlfriend, Ms. Morehead, had signed a form granting consent to search his residence, but alleged that "Ms. Moorehead [sic] only cooperated as a result of coercive pressures," and that the agents "would not leave the property until Ms. Moorehead [sic] signed a Consent to Search 'AFTER' they conducted a search of the house." R. Vol. 1 at 27. The search produced a firearm; which led to Mr. Edge's prosecution and conviction in federal court in an unrelated case.[2]

The district court's order admirably tries to untangle Mr. Edge's complaint, which is, as the lower court put it, "all over the place." Dist. Ct. Or. 4 n.3. The district court dismissed all of the claims against judicial and law enforcement officers on immunity grounds and the remaining counts against the other defendants for failure to state a claim under Fed. R. Civ. Proc. 12(b)(6). It does not, however, provide any explanation for dismissal of the Fourth Amendment claim.

---

[2] The record does not reveal whether Mr. Edge raised a Fourth Amendment claim in connection with this prosecution, or if he did, what was the disposition of that claim.

**STANDARD OF REVIEW**

We apply de novo review to a lower court's dismissal under Fed. R. Civ. P. 12(b)(6). *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007). "In reviewing a motion to dismiss, this court must look for plausibility in the complaint." *Id*. (internal quotations omitted). "Under this standard, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Id*. (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In this circuit, this means that "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). We likewise review a complaint dismissed on immunity grounds de novo. *Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006) (judicial immunity); *Maestas v. Lujan*, 351 F.3d 1001, 1007 (10th Cir. 2003) (qualified immunity).

This court, like the district court, liberally construes the pleadings of all pro se litigants. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While we accept factual allegations as true and view them in the light most favorable to the plaintiff, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id*.

**ANALYSIS**

A.    *Dismissal on immunity grounds was appropriate*

As the district court rightly observed, judges have absolute immunity for their "official adjudicative acts." *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002). Further, absolute immunity extends to judicial officers including court clerks. *Id.* There are only two exceptions to this absolute immunity: actions taken outside the judicial capacity; and actions taken in the "complete absence of all jurisdiction." *Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008).

The claims lodged by Mr. Edge against judges and other judicial officials stem from actions undertaken as a part of their judicial duties, and are as such covered by absolute immunity. Mr. Edge alleges that Judge Don Ed Payne "altered Protective Order of plaintiff in November, 2003 [and] gave perjured testimony to its alteration federal trial CR-05-86 . . . ." Pet. Br. 10. We do not need to address the question of whether judicial immunity extends to a judge's testimony as a witness, because the allegations regarding the perjury do not support a claim. A complaint so vague fails to meet the threshold for plausibility under Rule 12(b)(6).

As to the claims against state prosecutors Sanders, Bound, Watkins, and Wolfe, we agree with the lower court that their actions were undertaken as part of their prosecutorial duties. Thus, they are entitled to immunity.

*B.     Conspiracy claims were rightly dismissed.*

The lower court noted that much of what remains of the complaint can be described as allegations of one large conspiracy.  When alleging conspiracy, "the pleadings must specifically present facts showing agreement and concerted action.  Conclusory allegations without supporting facts are insufficient." *Hammond v. Bales*, 843 F.2d 1320, 1323 (10th Cir. 1988).  With respect to his conspiracy claims, Mr. Edge has not alleged enough facts to show agreement and concerted action.  That his ex-wife and a police officer were seen driving together is not a sufficient basis for inferring a far-ranging conspiracy.  His assertions that together the defendants have injured him or agreed to violate his constitutional rights are simply "conclusory allegations without supporting facts" and are thus insufficient to support his claims.  The district court appropriately dismissed the conspiracy complaints.

*C.     Fourth Amendment claims were not individually addressed.*

In addition to the conspiracy claims, however, Mr. Edge separately alleged that certain of the defendants violated his Fourth Amendment rights when they searched his home without a warrant.  R. Vol. 1 at 101.  On appeal, Mr. Edge argues that defendants engaged in an "un-authorized search of private property . . . that continued for six (6) hours without a search warrant.  No search warrant ever was obtained for residence; in fact was denied." Pet. Br. 4–5.  In their appellate

brief, the defendants offer no response to this argument; in fact, they make no mention of the Fourth Amendment claim apart from the larger conspiracy claims.

After dismissing the conspiracy claims, the district court dismissed Mr. Edge's "1st, 2nd, 4th, 5th, 6th, 8th, 13th, and 14th" Amendment claims along with any remaining claims under "42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, 1988, 1994, and 2000; and 18 U.S.C. §§ 1001 and 1028" for failure to state a claim. R. Vol. 2 at 161. The court provided no separate analysis on the Fourth Amendment claim; it is simply included in the list. That particular claim, though, deserves more attention than a cursory dismissal.

Unlike the rest of Mr. Edge's complaint, this portion appears to contain the necessary allegations of a constitutional violation: the date and place of a warrantless search by certain named defendants. There may well be reasons why this claim is vulnerable to a motion to dismiss, and we certainly intimate no view regarding whether it can be proved, but neither the district court's order nor the defendants' brief puts forward any such argument. We therefore remand to the district court for consideration of this apparently neglected claim.

**CONCLUSION**

The judgment of the United States District Court for the Eastern District of Oklahoma is **AFFIRMED** in part and **REVERSED** in part. We affirm the dismissal without leave to amend of all claims save the Fourth Amendment allegation. On remand, the district court should examine that individual claim in

light of the defendants' motions to dismiss.

Entered for the Court,


Michael W. McConnell
Circuit Judge