BLD-295                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1880
_____

JOHN E. REARDON; JUDITH A. REARDON; JOHN J. REARDON,
Appellants

v.

NOEL HILLMAN; JAY SANCHEZ; DESIREE RAMSEY; RYAN MERRIGAN

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-18-cv-01296)
District Judge:  Honorable Brian R. Martinotti
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect, and on Appellees'
Motion for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

August 23, 2018

Before: RESTREPO, BIBAS, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 28, 2018)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant, John E. Reardon, submitted a pro se complaint in the United States District Court for the District of New Jersey on behalf of himself, and Judith A. and John J. Reardon, against District Court Judge Noel Hillman and three employees of the District Court's Clerk's Office ("Clerk's Office employees"). The Reardons alleged, inter alia, that District Judge Hillman and the Clerk's Office employees violated certain of their constitutional rights by refusing to grant their various motions for default judgment filed in two other civil actions they are litigating in the District of New Jersey. The District Court concluded that the complaint was barred by judicial immunity. Accordingly, it dismissed the action against District Judge Hillman with prejudice and dismissed the complaint without prejudice as to the Clerk's Office employees. John E. Reardon appeals.[1]

We have jurisdiction under 28 U.S.C. § 1291, and conclude that the District Court did not err in dismissing Reardon's complaint.[2] The Supreme Court has long recognized that judges are immune from suit for monetary damages arising from their judicial acts.

---

[1] John E. Reardon has filed a notice of appeal on behalf of himself and on behalf of John J. Reardon and Judith A. Reardon. However, a person who is not a licensed attorney may only represent himself in this Court. See 28 U.S.C. § 1654; see also Becker v. Montgomery, 532 U.S. 757, 760, 768 (2001) (appeal may proceed so long as appellant promptly supplies signature). John E. Reardon does not appear to be a licensed attorney, and John J. Reardon and Judith A. Reardon never personally signed the notice of appeal as directed by the Clerk's Office. Accordingly, the appeal will proceed as to John E. Reardon only.

[2] Although the District Court originally dismissed the complaint against the Clerk's Office employees without prejudice, Reardon has, through his later submissions, indicated his intent to stand on the complaint as filed. Therefore, the appeal will not be dismissed for lack of jurisdiction. See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976). Moreover, the District Court entered a subsequent order dismissing the entirety of the complaint with prejudice.

See Mireles v. Waco, 502 U.S. 9, 9 (1991); Forrester v. White, 484 U.S. 219, 225-27 (1988); Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). Judicial immunity applies unless the judge's actions either were nonjudicial or were taken in the complete absence of jurisdiction. See Gallas v. Supreme Court of Pa., 211 F.3d 760, 768-69 (3d Cir. 2000) (citing Mireles, 502 U.S. at 11-12). Likewise, a Court Clerk or judicial officer enjoys absolute quasi-judicial immunity when he or she performs a "judicial act," such as entry of a default judgment. See Lundahl v. Zimmer, 296 F.3d 936, 939 (10th Cir. 2002).

The District Court correctly concluded that absolute judicial immunity applies in this case insofar as Reardon claims his injuries stem directly from the failure of District Judge Hillman and the Clerk's Office employees to direct the entry of default judgment in his favor. These actions (or, perhaps more appropriately, refusals) were not taken in the complete absence of jurisdiction but were in furtherance of their official, judicial duties, and thus may not serve as the bases for an award of civil damages. As a result, the District Court appropriately dismissed the complaint. See Gallas, 211 F.3d at 770. Accordingly, because this appeal presents no substantial issue, we will grant appellees' motion and summarily affirm the District Court's order of dismissal. See Third Circuit LAR 27.4 and I.O.P. 10.6.