CLD-116                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2094
_____

LESLIE WILLIS,
                              Appellant

v.

THE HON. LAWRENCE J. O'TOOLE, Individually, and in his Official Capacity as
Administrative Judge for the Court of Common Pleas of Allegheny County Orphans'
Court Division; TIMOTHY FINNERTY, Individually, and in his Official Capacity as
Assistant County Solicitor; MICHAEL MCGEEVER, Individually and in his Official
Capacity as Director of Allegheny County Dept. of Court Records Wills/Orphans' Court
Division; MELISSA DIESEL, Individually; WILLIAM TENNEY, Individually; JAMES
UZIEL, Individually and in his Official Capacity as Deputy Records for Allegheny
County Department of Real Estate; THE HON. JUDGE KATHLEEN A. DURKIN,
Individually, and in her Official Capacity for the Court of Common Pleas Orphans' Court
Division
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-00290)
District Judge:  Honorable David S. Cercone
_____

Submitted on a Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 13, 2020

Before: JORDAN, KRAUSE and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 2, 2020)

_____

PER CURIAM

Pro se appellant Leslie Willis appeals the District Court's order dismissing her amended complaint and denying leave to amend. Appellees have filed a motion to summarily affirm. For the reasons set forth below, we will grant the motion and summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

This action arises out of probate proceedings involving the estate of Willis's deceased grandmother, Annie Pearl Willis, in the Orphan's Court division of the Allegheny County Court of Common Pleas. In 2014, Willis filed a motion seeking to restrain the sale of real property belonging to the estate, which Judge Durkin denied, and the property was sold. Willis filed dozens of other documents in the probate matter, including several requests to proceed in forma pauperis (IFP). Judge Durkin denied those motions both in May 2014 and in April 2016. In April 2017, Judge Durkin issued a decree of distribution.

In 2018, Willis filed an action under 42 U.S.C. § 1983 in District Court. In her operative second amended complaint, she alleged that defendants—Judge O'Toole (the

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Administrative Judge of the Orphans Court), and three employees of that court's clerk's office—violated her right to access the court and challenge the sale of property by failing to docket documents that she attempted to file IFP.  She alleged that this conduct began in July or August 2016.  The defendants filed motions to dismiss.  A Magistrate Judge recommended that the District Court grant those motions on the grounds that the defendants were immune, and the Court approved and adopted that report and recommendation.[1]

Willis filed a timely notice of appeal.  The appellees have filed a motion for summary affirmance.  Willis has filed roughly 150 documents in this Court, ranging from copies of death certificates to legal descriptions of real property to documents she filed in the probate case.

We have jurisdiction under 28 U.S.C. § 1291.  We exercise a plenary standard of review over the dismissal order.  See Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012).  In reviewing a dismissal under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff."  Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556

---

[1] Willis also filed a motion for reconsideration, which the District Court denied.  Because Willis did not file a new or amended notice of appeal encompassing the order denying his motion for reconsideration, we lack jurisdiction to consider that order.  See Fed. R. App. P. 4(a)(4)(B)(ii); Carrascosa v. McGuire, 520 F.3d 249, 253–54 (3d Cir. 2008).

U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We review the District Court's denial of Willis's motion for leave to amend for abuse of discretion. See City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp., 908 F.3d 872, 878 (3d Cir. 2018). We will summarily affirm the District Court's decision if it determines that "no substantial question is presented" by the appeal. 3d Cir. L.A.R. 27.4.

We will grant the appellees' motion and summarily affirm the District Court's judgment. First, as the District Court explained, Willis's claims against Judge O'Toole fail because "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). Although "absolute judicial immunity extends only to claims for damages," Larsen v. Senate of the Commonwealth, 152 F.3d 240, 249 (3d Cir. 1998), "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Willis has not shown that this exception applies. See Azubuko, 443 F.3d at 303–04.

Willis's allegations against the clerk's office personnel are also meritless. To the extent that she complains about these defendants' conduct in applying Judge Durkin's order denying her right to proceed IFP by refusing to docket her unauthorized IFP filings, "any public official acting pursuant to court directive is also immune from suit." Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir. 1969); see also Lundahl v. Zimmer, 296 F.3d 936, 939–40 (10th Cir. 2002). These defendants are also absolutely immune for

their role in helping the Court to "control its docket." Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997). Thus, these claims are also barred. See, e.g., Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 185 (3d Cir. 2009); Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999).

Moreover, even if Willis could allege some misconduct that would fall outside the clerk's office defendants' immunity, see generally Snyder v. Nolen, 380 F.3d 279, 288–89 (7th Cir. 2004), she has not stated a facially plausible claim, see Iqbal, 556 U.S. at 678. While she complains about a failure to docket her filings, the state docket reveals that she has filed numerous documents and that the state court has specifically denied her objections to the sale of the property and her request to proceed IFP. Further, she has not shown that she has "lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim." Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) (per curiam) (quoting Christopher v. Harbury, 536 U.S. 403, 415 (2005)).

Nor did the District Court err in denying Willis's request to file a third amended complaint. As the District Court explained, all her proposed amendments would have been futile. She sought to add additional clerk's office employees and Judge Durkin as defendants, but those claims would fail for the reasons discussed above. Moreover, while she wished to sue the recorder of deeds for recording the transferred deed notwithstanding her (rejected) opposition to the underlying transfer, she has not shown that she possesses a plausible claim against this defendant. See generally Chesapeake Appalachia, LLC v. Golden, 35 A.3d 1277, 1281 (Pa. Commw. Ct. 2012) ("In short, the

5

Recorder is a ministerial officer charged with recording all documents presented to him." (quotation marks omitted)).

Accordingly, we will grant the appellees' motion and summarily affirm the District Court's judgment. The numerous motions Willis has filed in this Court are denied.[2]

---

[2] In most of the motions, Willis seeks to expand the record to allow us to consider documents filed in the District Court. As the Clerk explained to Willis in a June 20, 2019 order, "any documents filed and accepted as part of the District Court record are part of this Court's record, so the motion is unnecessary."