**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**February 24, 2023**

_____

**Christopher M. Wolpert**
**Clerk of Court**

BRIAN TYRONE SCOTT,

    Plaintiff - Appellant,

v.

PANDEE RAMIREZ,

    Defendant - Appellee.

No. 22-7020
(D.C. No. 6:21-CV-00239-RAW-JAR)
(E.D. Okla.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **PHILLIPS**, **McHUGH**, and **ROSSMAN**, Circuit Judges.

_____

Brian Tyrone Scott appeals pro se[1] from the dismissal of his 42 U.S.C. § 1983 action challenging his confinement and seeking damages against Oklahoma District Court Judge Pandee Ramirez. Scott also challenges the district court's imposition of a strike pursuant to 28 U.S.C. § 1915(g). Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss this appeal as frivolous and assess a strike as well.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We afford Scott's pro se materials a liberal construction, but we do not act as his advocate. _See James v. Wadas_, 724 F.3d 1312, 1315 (10th Cir. 2013).

I

Scott filed this action under § 1983, claiming he is confined in prison with no charges. He alleged Judge Ramirez granted him post-conviction relief based on lack of jurisdiction, but she then repeatedly stayed her ruling pending his transfer to federal or tribal authorities. Scott therefore sought damages against Judge Ramirez for every day he remained illegally in state custody.

On screening, the district court dismissed the action, ruling that Scott's challenge to his confinement failed to state a claim because it had to be brought in an application for habeas relief, not a § 1983 action, and his damages claim against Judge Ramirez was barred by absolute judicial immunity. *See* 28 U.S.C. § 1915A(b)(1), (2). The district court also imposed a strike, and after it denied Scott's motions for reconsideration, he appealed.[2]

II

We generally review de novo dismissals for failure to state a claim, *see Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009), and questions of immunity, *see Collins v. Daniels*, 916 F.3d 1302, 1315 (10th Cir. 2019). We accept as true well-pleaded factual allegations in the complaint, but a plaintiff must offer more than

---

[2] Scott filed two motions for reconsideration, which the district court construed as seeking relief under Fed. R. Civ. P. 59(e) and 60(b), respectively. The district court entered a single order denying both motions on April 28, 2022. Scott's opening brief references the April 28, 2022, denial of reconsideration, but it advances no meaningful argument challenging that order. Our review is therefore limited to the district court's order of dismissal. *See Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (noting that "scattered statements" and "issues adverted to in a perfunctory manner" are waived (internal quotation marks omitted)).

2

"labels and conclusions or a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "[A] complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted).

### A. Failure to State a Claim

Scott first appears to dispute the district court's dismissal for failure to state a claim. He maintains he is "a confined person in prison with no charges," Aplt. Opening Br. at 6, and asserts that once Judge Ramirez granted post-conviction relief, she had no authority to stay or correct her ruling—she was obliged to immediately release him. But he says Judge Ramirez stayed her decision, and she has since vacated the grant of post-conviction relief and reimposed his convictions without any authority to do so.[3]

Scott's attempt to use § 1983 to challenge his confinement is squarely foreclosed by our caselaw. "In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus." *Palma-Salazar*

---

[3] For the first time on appeal, Scott contends that in vacating the grant of post-conviction relief and reimposing his convictions, Judge Ramirez "issued a new verdict on count 4" by stating he was convicted of larceny of an automobile, rather than "unauthorized use of vehicle." Aplt. Opening Br. at 3-4. He says he was never indicted, arraigned, or convicted of larceny of an automobile. *See id.* at 5. This is a new argument based on new factual allegations that do not appear in the complaint, and thus, we will not consider it. *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018) (refusing to consider arguments "not tied to the allegations in the complaint").

*v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). Indeed, § 1983 is not an appropriate vehicle to challenge the fact or duration of a prisoner's confinement. *See Boutwell v. Keating*, 399 F.3d 1203, 1208-09 (10th Cir. 2005) (recognizing a writ of habeas corpus, not § 1983, is the "sole federal remedy" for challenging the fact or duration of physical imprisonment (internal quotation marks omitted)). Although Scott contends the district court should have allowed him to explain why dismissal was improper, § 1915A "does not require that . . . the plaintiff be provided an opportunity to respond before dismissal," *Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir. 2000) (internal quotation marks omitted). Accordingly, the district court correctly dismissed the action to the extent Scott challenged his confinement via § 1983.

*B.  Judicial Immunity*

Scott also contends the district court erred in concluding that Judge Ramirez enjoyed absolute judicial immunity. "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

> The appropriate inquiry in determining whether a particular judge is immune is whether the challenged action was judicial, and whether at the time the challenged action was taken the judge had subject matter jurisdiction. Stated differently, judges are liable only when they act in clear absence of all jurisdiction; they are absolutely immune even when their action is erroneous, malicious, or in excess of their judicial authority.

*Van Sickle v. Holloway*, 791 F.2d 1431, 1435 (10th Cir. 1986) (citation and internal quotation marks omitted).

4

It cannot be said that Judge Ramirez acted in the clear absence of all jurisdiction. After all, Scott invoked the state courts' jurisdiction in seeking post-conviction relief. And the Oklahoma district courts are courts of general jurisdiction. *See* Okla. Const. art. VII, § 7(a) ("The District Court shall have unlimited original jurisdiction of all justiciable matters . . . and such powers of review of administrative action as may be provided by statute."). "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction." *Stump*, 435 U.S. at 355-56. Scott disputes Judge Ramirez's orders staying and vacating the grant of post-conviction relief, but these were judicial acts. "[I]ndeed, little could be thought a more quintessential judicial act than entry of a legal judgment." *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002). Thus, the district court correctly determined that Judge Ramirez was entitled to absolute judicial immunity.

C. *Imposition of Strike*

Scott next contends the district court erred in imposing a strike pursuant to § 1915(g). Under the three-strikes provision of § 1915(g), "a prisoner is barred from bringing new civil cases or appeals in civil cases without the prepayment of filing fees if three prior civil cases or appeals in civil cases have been dismissed as frivolous, malicious, or for failure to state a claim." *Smith v. Veterans Admin.*, 636 F.3d 1306, 1309 (10th Cir. 2011). "[A] dismissal under § 1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim, the same grounds listed in § 1915(g)." *Hafed v. Fed. Bureau of Prisons*,

5

635 F.3d 1172, 1177 (10th Cir. 2011), *abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015)).  Likewise, a dismissal under § 1915A(b)(2) based on a defendant's immunity can count as a strike if such a dismissal was subsumed in frivolousness or an appellant's failure to state a claim.  *See id.* at 1178.  The district court here dismissed under both § 1915A(b)(1) and (2) based on failure to state a claim and immunity, and we construe the latter to be subsumed in frivolousness or the failure to state a claim, which are permissible grounds for imposing a strike under § 1915(g).  *See id.* at 1178.  There was, therefore, no error in assessing a strike.

Finally, we dismiss this appeal as frivolous and impose a strike as well.  "An appeal may be frivolous if it consists of irrelevant and illogical arguments based on factual misrepresentations and false premises, or when the result is obvious, or the appellant's arguments of error are wholly without merit."  *Wheeler v. Comm'r*, 528 F.3d 773, 782 (10th Cir. 2008) (internal quotation marks omitted).  Given the relevant caselaw, the result here was obvious and Scott's arguments are meritless.

## III

Accordingly, this appeal is dismissed as frivolous.  The district court's dismissal counts as one strike, *see Hafed*, 635 F.3d at 1177-78, and our dismissal counts as a second strike, s*ee id.* at 1176.[4]

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[4] Judge Rossman concurs in the imposition of an appellate strike to the extent frivolousness is based on the application of absolute judicial immunity.