**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2552
_____

ANTHONY P. CATANZARO,
                                        Appellant
v.

MICHAEL D. COLLINS, ESQ.; JUDGE JAMES M. MCCLURE,
sued in his individual and official capacities; JUDGE JAMES M.
MUNLEY, sued in his individual and official capacities;
PATRICK M. ROGAN, ESQ.; DOES 1 THROUGH 25
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 09-cv-00922)
District Judge:  Honorable Nora Barry Fischer
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 5, 2011
Before:  SLOVITER, FISHER and WEIS, Circuit Judges

(Opinion filed: October 11, 2011)

_____

OPINION
_____

PER CURIAM.

        Anthony P. Catanzaro appeals pro se from the District Court's order

declining to reconsider the dismissal of his complaint.  We will affirm.

1

## I.

Catanzaro filed suit pro se and later amended his complaint against two attorneys who previously represented him, Michael Collins and Patrick Rogan, as well as Judges James McClure (who has since passed away) and James Munley of the United States District Court for the Middle District of Pennsylvania. According to Catanzaro, Rogan represented him in a state-court protection from abuse proceeding in 1997 during which he was sentenced to ninety days of imprisonment. Collins later represented him in a federal suit raising claims arising from that proceeding. At the same time, Catanzaro pursued a similar federal suit pro se. In 2000, Judge McClure dismissed one of those suits and entered summary judgment against Catanzaro in the other. Catanzaro alleges that Rogan is Judge Munley's son-in-law but does not allege any involvement by Judge Munley in his cases.

Catanzaro alleges that all defendants conspired to deprive him of various constitutional rights in connection with his various proceedings. He further alleges that he first learned of this conspiracy when his nephew gave him a copy of a December 2006 magazine article regarding Rogan, which includes the detail that he is married to Judge Munley's daughter. He asserted claims under 42 U.S.C. §§ 1983 and 1985, as well as state-law claims for intentional infliction of emotional distress and legal malpractice. All defendants moved to dismiss Catanzaro's amended complaint under Rule 12(b)(6), and he filed a motion for appointment of counsel. The District Court denied Catanzaro's motion on March 15, 2010. Catanzaro appealed that ruling and we dismissed his appeal

for lack of jurisdiction. (C.A. No. 10-2096, Aug. 5, 2010.) While that appeal was pending, the District Court granted defendants' motions to dismiss by opinion and order entered April 27, 2010, then denied Catanzaro's motion for reconsideration by order entered May 10, 2010. Catanzaro appeals.[1]

## II.

The District Court thoroughly addressed Catanzaro's allegations and concluded that: (1) his claims against Judges McClure and Munley are barred by judicial immunity; (2) all of Catanzaro's claims are barred by the applicable statutes of limitations; (3) Collins and Rogan are not state actors for § 1983 purposes; (4) Catanzaro failed to state a claim under § 1985; (5) Catanzaro failed to plead any facts raising a plausible inference of conspiracy; and (6) any further amendment of Catanzaro's complaint would be futile. Catanzaro challenges most of these rulings on appeal. After reviewing the record, however, we agree that Catanzaro's complaint fails to state a claim for the reasons thoroughly and adequately explained by the District Court.

Catanzaro raises two arguments that require separate discussion. First, he argues that the District Court lacked the authority to rule on defendants' Rule 12(b)(6)

---

[1] We have jurisdiction under 28 U.S.C. § 1291. Catanzaro appeals from the District Court's denial of reconsideration but challenges only its underlying dismissal of his complaint. Our review of that ruling is plenary. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010). To survive a motion to dismiss, a complaint's allegations must raise a plausible inference of entitlement to relief, which in the conspiracy context requires "facts from which a conspiratorial agreement can be inferred." Id. at 178. We review for abuse of discretion a District Court's denial of leave to amend, which is proper when amendment would be futile. See id. at 174.

3

motions because his appeal from its order denying his motion for counsel divested it of jurisdiction. We disagree. We dismissed that appeal for lack of jurisdiction because the denial of a motion for counsel is not immediately appealable. See Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984). Thus, Catanzaro's premature appeal did not deprive the District Court of jurisdiction to proceed. See Venen v. Sweet, 758 F.2d 117, 121 (3d Cir. 1985).[2]

Second, Catanzaro argues that the District Court improperly considered matters outside his complaint. He relies on a footnote in the District Court's opinion in which it noted that the many other cases in which he has sued judicial defendants should have acquainted him with judicial immunity. (Docket No. 58 at 10 n.3.) Courts may consider matters of public record in ruling on Rule 12(b)(6) motions, however, see Keystone Redev. Partners v. Decker, 631 F.3d 89, 95 (3d Cir. 2011), and the District Court's mention of these cases did not form the basis for its decision in any event.

One final matter requires clarification. The District Court held that Catanzaro's state-law claims are barred by their statutes of limitations (Docket No. 14), then went on to state that it "would" decline to exercise supplemental jurisdiction over those claims if they were timely (id. at 17). It also noted that those claims are legally insufficient as well. (Id. at 17 n.6.) We read the District Court's opinion and order to

---

[2] Catanzaro does not directly argue that the District Court abused its discretion in declining to appoint counsel but, to the extent that his brief might be read to challenge that ruling, the court did not. To the contrary, the District Court thoroughly and properly applied the relevant factors. See Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993).

4

have exercised supplemental jurisdiction over these claims and to have dismissed them with prejudice as legally insufficient. District courts have the discretion to exercise supplemental jurisdiction over state-law claims after dismissing all federal claims before trial, though they generally should explain why the exercise of supplemental jurisdiction is appropriate. See Bright v. Westmoreland Cnty., 443 F.3d 276, 286 (3d Cir. 2006). Catanzaro has not challenged the District Court's exercise of supplemental jurisdiction in this case, however, so we have no occasion to address that issue.

For these reasons, we will affirm the District Court's judgment.