**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4728
_____

ANTHONY P. CATANZARO,
                                                    Appellant

v.

JUDGE NORA B. FISCHER, Sued in her individual and official capacities;
MICHAEL D. COLLINS, ESQ.; PATRICK ROGAN, ESQ.;
HONORABLE JAMES M. MUNLEY; DOES 1 THROUGH 5
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 12-cv-00862)
District Judge: Honorable Legrome D. Davis
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 20, 2014

Before:  JORDAN, COWEN and BARRY, Circuit Judges

(Opinion filed:  June 20, 2014)
_____

OPINION
_____


PER CURIAM

        Anthony Catanzaro appeals from an order of the District Court dismissing his

amended complaint with prejudice.  For the reasons that follow, we will affirm.

Catanzaro was subject to a Protection from Abuse order issued by Lackawanna County Court of Common Pleas Judge Chester Harhut, and, on June 11, 1997, he appeared before Judge Harhut for violating the order. Patrick Rogan, Esquire, a public defender, was appointed to represent him. At the conclusion of the hearing, Catanzaro was found guilty of indirect criminal contempt and sentenced to nine months in jail. Catanzaro retained Michael Collins, Esquire, to represent him in a civil rights action seeking money damages for alleged constitutional violations in connection with this prosecution and incarceration. On June 1, 1999, Collins filed a civil rights action against the County, certain of its district attorneys, and the Carbondale police in the United States District Court for the Middle District of Pennsylvania, see D.C. Civ. No. 99-00876. Apparently, Collins was opposed to naming Rogan as a defendant but Catanzaro wanted to sue Rogan for allegedly refusing to file an appeal from the contempt conviction. Accordingly, Catanzaro filed a separate complaint pro se against Rogan, in which he also named his wife, her attorney, and the Carbondale Housing Authority as defendants, see D.C. Civ. No. 99-cv-00874. The defendants prevailed in both civil actions, which were presided over by United States District Judge James McClure. Catanzaro appealed, and we affirmed, see Catanzaro v. Carbondale Housing Authority, 262 F.3d 403 (3d. Cir. 2001) (Table); Catanzaro v. County of Lackawanna, 262 F.3d 403 (3d Cir. 2001) (Table).

In 2007, Catanzaro read a magazine article which revealed certain personal information about Rogan, including the fact that he was married to U.S. District Judge James M. Munley's daughter. Based on this information, Catanzaro concluded that the adverse decisions rendered in his prior lawsuits were the result of a conspiracy involving

2

Rogan and the federal district judges in the Middle District. He also concluded that attorney Collins was an integral part of the conspiracy, and had intentionally provided negligent assistance to him as part of the conspiracy in order to obtain a favorable outcome in another case in which he was involved in the Middle District. In 2009, Catanzaro filed suit pro se pursuant to 42 U.S.C. § 1983 in the Middle District against Rogan, Collins, and District Judges McClure and Munley, alleging a conspiracy in connection with the adverse decisions rendered in his two prior lawsuits, see D.C. Civ. No. 09-cv-00922. The matter was assigned to U.S. District Judge Nora B. Fischer of the Western District of Pennsylvania. Judge Fischer dismissed the complaint with prejudice, determining in pertinent part that Catanzaro's claims against Judges McClure and Munley were barred by the doctrine of judicial immunity; all of his claims were barred by the applicable statute of limitation; Collins and Rogan were not state actors for purposes of section 1983; and Catanzaro failed to plead any facts raising a plausible inference of a conspiracy. Catanzaro appealed, and we affirmed in Catanzaro v. Collins, 447 F. App'x 397 (3d Cir. 2011).

At issue in the instant appeal, on May 9, 2012, Catanzaro filed another civil rights action in the Middle District, alleging a conspiracy in connection with the adverse decisions rendered in all three prior lawsuits. He again sued Rogan, Collins, and District Judge Munley, and, in addition, he sued Judge Fischer, based on the adverse decision she rendered in his 2009 case. The case was assigned to United States District Judge Legrome D. Davis of the Eastern District. The defendants moved to dismiss the amended complaint. In an order entered on September 30, 2013, Judge Davis granted the motions

3

and dismissed Catanzaro's amended complaint. Judge Davis determined that Catanzaro's amended complaint was time-barred under the applicable statute of limitation in its entirety because Catanzaro alleged no wrongful events beyond April 27, 2010, the date when Judge Fischer denied his 2009 action. The deadline for filing his most recent complaint thus was April 27, 2012, and Catanzaro did not file his complaint until May 9, 2012. In addition, the claims against Rogan, Collins, and Judge Munley were barred by the doctrine of res judicata on account of the 2009 action. In the margin, Judge Davis concluded that an "independent action" pursuant to Rule 60 would not lie to reopen the 2009 action decided by Judge Fischer because Catanzaro's allegations of fraud were speculative at best. Last, Judge Davis determined that the claims against Judges Munley and Fischer were barred by the doctrine of judicial immunity, Collins and Rogan were not state actors for purposes of section 1983, and Catanzaro failed to plead any facts raising a plausible inference of a conspiracy. Judge Davis dismissed the complaint against the John Doe defendants, declined to grant leave to amend, and warned Catanzaro that if he continued "to bring suits that rehash previously litigated claims, he should not be surprised to find future courts less reluctant to close their doors to him."

Catanzaro appeals. We have jurisdiction under 28 U.S.C. § 1291. In his brief, he has expressly waived all of his claims except his contention that the District Court erred in denying his request for a default judgment against Collins in the amount of $35,000. Catanzaro contended that Collins did not timely respond to his amended complaint, and he also contended that someone in the District Court Clerk's office tampered with the docket to conceal evidence of Collins' late filing.

4

We will affirm. We review a District Court's determination not to grant a default judgment for an abuse of discretion. See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). Federal Rule of Civil Procedure 55(b)(2) provides for entry of a default judgment in favor of a plaintiff where a defendant has failed to plead or otherwise defend. Fed. R. Civ. Pro. 55(b)(2). Although the District Court has discretion to enter a default judgment, in this circuit, we prefer that cases be adjudicated on the merits. See Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) (noting that "we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable"). See also Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 122 (3d Cir. 1983) (same). In deciding whether to grant a default judgment, the District Court should consider whether the plaintiff has been substantially prejudiced by the delay involved; whether the default was caused by excusable or inexcusable neglect on the part of the defendant; and whether the defendant has a defense to the action. Chamberlain, 210 F.3d at 164.

On March 8, 2013, Catanzaro, with leave of court, filed an amended complaint. On April 2, 2013, Collins filed a motion to dismiss the amended complaint, Fed. R. Civ. Pro. 12(b)(6). Prior to that, Collins waived service of summons and answered Catanzaro's initial complaint. On April 11, 2013, Catanzaro filed a request for entry of default judgment pursuant to Fed. R. Civ. Pro. 55(b)(2) against Collins in the sum of $35,000. The District Court denied the request because Collins had filed a motion to dismiss. Catanzaro filed a "Notice" in the district court, alleging that someone had improperly altered the district court docket and he then moved again for a default judgment against Collins. The District Court again denied Catanzaro's request for a

5

default judgment and denied a motion for reconsideration. Thereafter, the District Court gave Catanzaro a number of extensions of time in which to respond to the defendants' motions to dismiss the amended complaint. Chamberlain, 210 F.3d at 164.

The District Court did not abuse its discretion in denying Catanzaro's requests for entry of a default judgment against Collins. Catanzaro notes that Fed. R. Civ. Pro. 15(a)(3) requires that a response to an amended pleading be filed within 14 days after service of the amended pleading, but this is not a case where Collins failed to participate in the litigation. Collins had already answered the initial complaint when Catanzaro filed his amended complaint, and, in any event, the District Court has discretion to allow a defendant to file an answer or response out-of-time upon a showing of good cause. Fed. R. Civ. Pro. 6(b)(1). Moreover, the record here plainly shows that Catanzaro was given ample time by the District Court to file his opposition to Collins' motion to dismiss. Catanzaro suffered no prejudice here. Furthermore, the action was plainly meritless for the reasons given by the District Court, including that the suit against Collins was time-barred and barred by the doctrine of res judicata; and it failed to state a claim for relief because Collins is not a state actor for section 1983 purposes and because Catanzaro failed to plead any facts raising a plausible inference of a conspiracy. Accordingly, denial of Catanzaro's request for a default judgment was proper and not an abuse of discretion. Hritz, 732 F.2d at 1181; Chamberlain, 210 F.3d at 164.

For the foregoing reasons, we will affirm the orders of the District Court denying Catanzaro's requests for entry of a default judgment and request for reconsideration.

6