**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-4088
_____

ANTHONY P. CATANZARO, Appellant

v.

JUDGE LEGROME D. DAVIS, sued in their individual and official capacities;
JUDGE NORA BARRY FISHER, sued in their individual and official capacities;
JUDGE JAMES M. MUNLEY, sued in their individual and official capacities;
PATRICK M. ROGAN, ESQ., sued in their individual and official capacities;
MICHAEL D. COLLINS, sued in their individual and official capacities;
MARY E. D'ANDREA, sued in their individual and official capacities;
KEVIN CALPIN, sued in their individual and official capacities;
KATY NALEVANKO, sued in their individual and official capacities;
DOES 1 THRU 5
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-14-cv-01889)
District Judge:  Honorable Barbara Jacobs Rothstein
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 19, 2016

Before:  GREENAWAY, JR., GREENBERG and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 13, 2017)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Anthony Catanzaro appeals the District Court's order dismissing his complaint. For the reasons discussed below, we will affirm.

In June 1997, a judge in the Lackawanna County Court of Common Pleas found that Catanzaro had violated a protection-from-abuse order associated with Catanzaro's divorce proceedings and sentenced Catanzaro to nine months' imprisonment. Since then, Catanzaro has been continually (and unsuccessfully) litigating civil-rights actions that relate to that sentence. See Catanzaro v. Fischer, 570 F. App'x 162, 163-65 (3d Cir. 2014) (non-precedential) (detailing procedural history).

In this action, which arises under 42 U.S.C. § 1983, Catanzaro named as defendants three District Judges (two of whom issued adverse judgments in his prior § 1983 actions); two attorneys who represented him in prior actions; and three employees of the Middle District of Pennsylvania's Clerk's Office. Catanzaro alleged that the District Judges and attorneys conspired against him in the prior legal actions and that the clerk's office personnel had improperly failed to grant his motions for a default judgment and manipulated the docket. The defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), which the District Court granted. The Court concluded that the claims against the attorneys and two of the judges (Judge Munley and Judge Fischer) were barred by res judicata; that the claims against the third judge (Judge Davis) were barred by judicial immunity; and that the claims against the clerk's office personnel were barred by quasi-judicial immunity. Catanzaro filed a motion under Fed. R. Civ. P. 59(e), which the District Court denied, and a timely notice of appeal.

2

We have jurisdiction under 28 U.S.C. § 1291. We exercise a plenary standard of review. See Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012).

The defendants argue that, because Catanzaro has not meaningfully challenged any aspects of the District Court's opinion, he has waived any argument on appeal. We agree. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal."); see also Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) ("While we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned[.]" (internal citation omitted)).

In any event, we agree with the District Court's analysis. Catanzaro's claims against the attorneys, Judge Munley, and Judge Fischer are barred by res judicata. Res judicata applies when there has been "(1) a final judgment of the merits in a prior suit involving; (2) the same parties or their privies; and (3) a subsequent suit based on the same causes of action." Sheridan v. NGK Metals Corp., 609 F.3d 239, 260 (3d Cir. 2010) (quoting Churchill v. Star Enters., 183 F.3d 184, 194 (3d Cir. 1999)). In Catanzaro's 2012 § 1983 action, he raised the same claims against these defendants, and the District Court dismissed the complaint under Fed. R. Civ. P. 12(b)(6), which constitutes a "final judgment on the merits" for purposes of res judicata. See, e.g., Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981). He is therefore barred from maintaining these claims in this action. See, e.g., In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008).

Moreover, Catanzaro's claims against the judges fail because "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). While Catanzaro contends that the judges acted improperly in an effort to shield another defendant from liability, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356 (1978); see also Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam).

Catanzaro's claims against the attorneys also lack merit because, to pursue a claim under 42 U.S.C. § 1983, a plaintiff must establish that his constitutional rights were violated "by a state actor." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). Private attorneys — like the attorney defendants here — generally do not qualify as state actors. See Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999). Catanzaro tries to avoid that conclusion by alleging that the attorneys conspired with the judges, but his vague allegations simply do not provide "'plausible grounds to infer an agreement.'" Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

Catanzaro's allegations against the clerk's office personnel are also meritless. To the extent that Catanzaro complains about these defendants' conduct in entering orders issued by Judge Davis — orders that we specifically affirmed in Catanzaro v. Fischer, 570 F. App'x 162, 165-66 (3d Cir. 2014) (non-precedential) — "any public official acting pursuant to court directive is also immune from suit." Lockhart v. Hoenstine, 411 F.2d

4

455, 460 (3d Cir. 1969); see also Lundahl v. Zimmer, 296 F.3d 936, 939-40 (10th Cir. 2002). These defendants are also absolutely immune for their role in helping the Court to "control its docket." Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997). Moreover, even if Catanzaro can allege some misconduct that would fall outside these defendants' immunity, see generally Snyder v. Nolen, 380 F.3d 279, 288-89 (7th Cir. 2004), he has not stated a facially plausible claim, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).[1]

Finally, while it is not clear whether Catanzaro seeks to challenge the District Court's order denying his motion under Fed. R. Civ. P. 59(e), we perceive no error in the District Court's decision. See generally Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).

Accordingly, we will affirm the District Court's judgment.

---

[1] While Catanzaro sometimes seems to state that he is alleging fraud upon the court, he has not made the necessary showing. To establish that fraud upon the court has occurred, Catanzaro must show, by clear and convincing evidence, "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." Herring v. United States, 424 F.3d 384, 386-87 (3d Cir. 2005). His allegations do not satisfy these standards. He complains, chiefly, that clerk's office personnel inaccurately answered some of his questions about the filings in his previous § 1983 action. Even assuming that his recollection of these 2013 phone calls is accurate, he provides no basis to conclude that the error was the result of fraud rather than a mistake, that the error was directed to the District Court, or that the Court was deceived. See id. at 392.