**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**October 13, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

CHARLES KENZELL CARTER,

    Plaintiff - Appellant,

v.

WYOMING DEPARTMENT OF
CORRECTIONS CLASSIFICATION
AND HOUSING MANAGER, in his
official capacity also known as Carl
Voightsberger; CARL
VOIGHTSBERGER, individually;
WYOMING DEPARTMENT OF
CORRECTIONS DIRECTOR, in his
official capacity also known as Daniel
Shannon; DANIEL SHANNON,
individually; WYOMING DEPARTMENT
OF CORRECTIONS,

    Defendants - Appellees.

No. 22-8044
(D.C. No. 2:22-CV-00145-NDF)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

---

[*] After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Charles Carter, a state prisoner proceeding pro se,[1] appeals the district court's order dismissing his 42 U.S.C. § 1983 complaint. For the reasons explained below, we affirm.

## Background

Carter's complaint asserts claims against the Wyoming Department of Corrections (WDOC) and two WDOC employees, Classification and Housing Manager Carl Voightsberger and Director of the WDOC Daniel Shannon, in their official and individual capacities. His claims stem in part from his 2019 transfer from a Wyoming prison to Wallens Ridge State Prison in Virginia and a later June 2020 transfer to a different Virginia facility, Red Onion State Prison. Carter asserts that although defendants contend the 2019 transfer was for compassionate reasons (so Carter could be closer to his home in North Carolina), their true motive for transferring him was to retaliate against him for filing grievances and threatening to sue. Carter also alleges various forms of mistreatment at Red Onion State Prison in 2021 and 2022. He asserts claims under the First, Eighth, and Fourteenth Amendments, as well as claims alleging supervisory liability and negligence. He seeks an injunction requiring (among other things) a transfer back to Wyoming, a declaratory judgment, and compensatory damages.

Carter sought to proceed in forma pauperis (IFP) at the district court and thus avoid "prepayment of fees." 28 U.S.C. § 1915(a)(1); *see also* § 1915(b) (explaining

---

[1] We liberally construe Carter's pro se filings, but we will not act as his advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

2

that litigant proceeding IFP must eventually pay full filing fee). Accordingly, the district court screened Carter's complaint for frivolousness, failure to state a claim, and immune defendants. *See* § 1915(e)(2) (noting that "court shall dismiss the case at any time if" any of these three conditions is met).

The district court began with Carter's claims for damages against WDOC and Voightsberger and Shannon in their official capacities. It noted that absent abrogation by Congress or waiver by a state, the Eleventh Amendment generally makes both states and state officials acting in their official capacities immune from suit in federal court. *See Collins v. Daniels*, 916 F.3d 1302, 1315 (10th Cir. 2019). And the district court found no abrogation or waiver in this case. The district court further rejected Carter's attempt to invoke the exception to Eleventh Amendment immunity under *Ex Parte Young*, 209 U.S. 123 (1908), for his claims seeking prospective injunctive relief.

The district court next turned to Carter's individual-capacity claims against Voightsberger and Shannon. As for the Eighth and Fourteenth Amendment claims arising from the conditions at Red Onion State Prison, the district court noted the personal-involvement requirement for § 1983 liability and determined that "[n]othing in [Carter's] complaint indicates any personal participation by [Voightsberger or Shannon] in [Carter's] treatment or conditions of confinement at [Red Onion State Prison]." R. 116; *see also Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." (quoting *Foote v. Spiegel*, 118 F.3d 1416, 1423

3

(10th Cir. 1997))). The district court also rejected the claims arising from Carter's transfer, noting that there is no constitutional "right to incarceration in a particular institution.'" R. 114 (quoting *Al-Turki v. Tomsic*, 926 F.3d 610, 615 (10th Cir. 2019)). And it further found Carter's other transfer-related individual-capacity claims against Voightsberger and Shannon—a First Amendment retaliation claim, Eighth Amendment claims, and Fourteenth Amendment claims—insufficiently pleaded under Federal Rule of Civil Procedure 8(a).

Last, the district court rejected Carter's supervisory-liability claim because Carter "fail[ed] to plead any policy created, promulgated, or implemented by [Voightsberger or Shannon]" that could establish supervisory liability under § 1983. *Id.* at 117; *see also Dodds v. Richardson*, 614 F.3d 1185, 1194–95 (10th Cir. 2010) (explaining that supervisory liability under § 1983 requires showing affirmative link between supervisor and constitutional violation). And it found Carter's negligence claim inadequately pleaded under Rule 8. Thus, because all Carter's claims either failed to state a claim or sought relief from immune defendants, the district court dismissed the official-capacity compensatory claims with prejudice, the official-capacity injunction claims without prejudice, and the individual-capacity claims without prejudice. *See* § 1915(e)(2)(B). It also concluded that leave to amend would be futile.

Carter appeals.

**Analysis**

Our review is de novo. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (reviewing § 1915(e)(2)(B)(ii) dismissal de novo); *Guiden v. Morrow*, 92 F. App'x 663, 665 (10th Cir. 2004) (reviewing § 1915(e)(2)(B)(iii) dismissal de novo); *see also Arbogast v. Kan., Dep't of Labor*, 789 F.3d 1174, 1181 (10th Cir. 2015) (noting de novo review of Eleventh Amendment immunity). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay*, 500 F.3d at 1217 (quoting *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002)).

Carter first argues that the district court erred in concluding that WDOC and Voightsberger and Shannon in their official capacities were immune from suit under the Eleventh Amendment. In particular, he contends that the district court overlooked exhibits to his complaint that he says show waiver of immunity. The exhibits he references appear to be a 1990 contract between Wyoming and Virginia providing for transfer of prisoners between those two states and WDOC's Policy and Procedure #4.000, which provides guidelines for "transfer of inmates pursuant to an interstate compact or out-of-state contract housing." R. 95. Carter contends that these documents show that Wyoming "[a]ccepted [r]esponsibility of any wrong[d]oings concerning inmates under [c]ontract and interstate[-]compact housing." Aplt. Br. 4. But even assuming that is true, it does not waive Eleventh Amendment immunity. "States can voluntarily waive their immunity by choosing to invoke federal

5

jurisdiction." *Arbogast*, 789 F.3d at 1182. A state can also waive immunity by unequivocally expressing an intent to submit to federal jurisdiction "by statute, constitutional provision, or through its 'actions, specifically, its participation in a particular federal program.'" *Id.* (quoting *Robinson v. Kansas*, 295 F.3d 1183, 1189 (10th Cir. 2002)). And simply put, we see nothing in the contract or the WDOC policy document that expresses Wyoming's intent to submit to federal jurisdiction. We therefore reject Carter's argument that the district court erred in finding that Eleventh Amendment immunity barred some of his claims.

Next, Carter attempts to challenge the district court's assessment of his Eighth Amendment deliberate-indifference claims, asserting without elaboration that the district court "provided for my [d]eliberate[-]indifference claims an err[or] of law." Aplt. Br. 4. But on the next page, he accuses the district court of "never address[ing]" such claims. *Id.* at 5. Aside from the fact that these two arguments are inconsistent, the latter is incorrect; although the district court did not separately address the deliberate-indifference claim, it collectively considered and rejected all of Carter's Eighth Amendment claims. And the former statement—Carter's unadorned position that the district court legally erred—is not an adequately presented appellate argument. Although we construe pro se briefs liberally, we cannot create arguments out of thin air. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (explaining that we "cannot take on the responsibility of serving as the [pro se] litigant's attorney in constructing arguments"); *Perry v. Woodward*, 199 F.3d 1126, 1141 n.13 (10th Cir. 1999) (explaining that we "will not craft a party's

6

arguments for [them]"). Thus, because Carter fails to explain how or why the district court's analysis is incorrect, we decline to consider Carter's deliberate-indifference challenge. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief."); *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) (noting that "first task of an appellant is to explain to us why the district court's decision was wrong").

Carter also argues that the district court abused its discretion in dismissing his complaint without allowing him an opportunity to amend his complaint. In support, he cites *Bazrowx v. Scott*, 136 F.3d 1053 (5th Cir. 1998). There, the Fifth Circuit noted that generally, "a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Id.* at 1054 (italics omitted). But importantly, the court in *Bazrowx* ultimately found no reversible error because although the district court dismissed without leave to amend, it also did so without prejudice, effectively allowing the plaintiff to refile if so desired. *See id.* at 1054–55; *cf. Denton v. Hernandez*, 504 U.S. 25, 34 (1992) (holding that under a prior version of § 1915, if complaint "could be remedied through more specific pleading, a court of appeals . . . should consider whether the district court abused its discretion by dismissing the complaint with prejudice *or* without leave to amend" (emphasis added)).

Similarly, the district court here dismissed most of Carter's claims—the claims for injunctive relief and the claims against Voightsberger and Shannon in their

7

individual capacities—without prejudice. The only claims dismissed with prejudice were those seeking monetary relief from WDOC and Voightsberger and Shannon in their official capacities, and we agree with the district court that amendment would be futile for such claims because of Eleventh Amendment immunity. *See Collins*, 916 F.3d at 1315 (explaining that states and state officials in their official capacity may not be sued in federal court absent consent, abrogation, or application of the *Ex Parte Young* exception to state sovereign immunity); *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (affirming dismissal of pro se complaint for failure to state a claim under § 1915(e)(2)(B)(ii) with prejudice and without leave to amend because no amendment could cure defect in complaint). We thus find no reversible error on the district court's decision not to provide Carter with an opportunity to amend.

Carter relatedly argues that the district court denied him access to the courts by dismissing his complaint without requiring defendants to file an answer and without "even say[ing] if this was a screening process." Aplt. Br. 3. Yet on the contrary, the district court expressly stated that it was "undertak[ing] an initial review under . . . § 1915." R. 111. And doing so was entirely proper, given § 1915(e)(2)'s mandate that "the court shall dismiss the case at any time" if the complaint fails to state a claim or seeks monetary relief from an immune defendant.[2]

---

[2] We have also held "that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts." *Curley*, 246 F.3d at 1284.

Finally, Carter asserts that the district court erred by failing "to address any and all other claims [he d]id not articulate in the complaint." Aplt. Br. 5. But a district court is not obligated to advocate for a pro se litigant by creating and ruling on claims not asserted in the complaint. *See Garrett*, 425 F.3d at 840. We thus find no error on this basis. And for the same reason, we reject Carter's request that we consider "[a]ny and [a]ll other causes, claims, a[nd] arguments [n]ot articulated in the appeal." Aplt. Br. 4.

## Conclusion

Because Carter's arguments on appeal either fail on their merits or are inadequately briefed, we affirm the district court's order.[3] As a final matter, we grant Carter's motion to proceed IFP on appeal.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[3] Carter asks that we "provide court[-]appointed counsel." Aplt. Br. 5. But civil litigants do not have a right to court-appointed counsel, and given our disposition of this appeal, we decline to appoint counsel here. *See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006).